No. 19-2210, 19-2223, 19-2276, 19-2318

# In the United States Court of Appeals for the Federal Circuit

**DRONE-CONTROL, LLC,**

Appellant,

v.

**SZ DJI TECHNOLOGY CO., LTD.,**

Appellee.

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-00205, IPR2018-00206, IPR2018-00207, and IPR2018-00208

**APPELLANT'S OPPOSED MOTION TO VACATE AND REMAND, AND APPELLANT'S UNOPPOSED MOTION TO STAY PENDING RESOLUTION OF *ARTHREX***

George T. Lyons, III
McDonnell Boehnen
Hulbert & Berghoff LLP
300 South Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 913-0001

*Attorney for Appellant*
*Drone-Control, LLC*

I. **THE BOARD'S FINAL WRITTEN DECISIONS IN PTAB NOS. IPR2018-00205, -00206, -00207, -00208 SHOULD BE VACATED AND REMANDED TO THE PTAB FOR NEW TRIALS IN LIGHT OF *ARTHREX* AND ITS PROGENY**

Pursuant to Federal Rule of Appellate Procedure 27 and Federal Circuit Rule 27(f), Appellant Drone-Control, LLC moves this Court for an order vacating and remanding these cases to the Board pursuant, at least, to this Court's opinion in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019) ("*Arthrex*") and its progeny.

The grounds for this motion and the legal arguments to support this motion are as follows:

These consolidated appeals arise from four final written decisions of the Patent Trial and Appeal Board ("PTAB") in PTAB Nos. IPR2018-00205, IPR2018-00206, IPR2018-00207, and IPR2018-00208.

On October 31, 2019, this Court issued a decision in *Arthrex*, which addressed the constitutionality of the appointment of the Board's Administrative Patent Judges ("APJs"). Specifically, in *Arthrex*, this Court held that an Appointments Clause defect exists in the statutes governing the constitutionality of empaneled APJs at the PTAB. 941 F.3d at 1339-40 ("APJs are principal officers under Title 35 as currently constituted," and "[a]s such, they must be appointed by the President and confirmed by the Senate; because they are not, the current structure of the Board violates the Appointments Clause").

To address this defect, this Court held in *Arthrex* that a cure for this constitutional problem is vacating decisions by such APJs and remanding such decisions for a new hearing before a new panel of constitutionally-appointed APJs. *Id.* at 1340. This Court has also made clear in recently issued decisions that the proper course under *Arthrex* is to vacate and remand these PTAB decisions. *See, e.g.*, *Image Processing Technologies LLC, v. Samsung Electronics Co., LTD. et al.*, 2018-2156 (Fed. Cir., Dec. 5, 2019); *Bedgear, LLC v. Fredman Bros. Furniture Co.*, 783 F. App'x 1029, 1030 (Fed. Cir. 2019).

This Court further explained that the *Arthrex* decision is applicable to all cases in which "the final decision was rendered by a panel of APJs who were not constitutionally appointed and where the parties presented an Appointments Clause challenge on appeal." *Arthrex*, 941 F.3d at 1340.

Following *Arthrex* and its progeny, the APJs in these cases lacked the constitutional authority to issue the final written decisions underlying these appeals, mandating that the PTAB decisions in these appeals should be vacated and remanded as the Court required in *Arthrex*.

As such, with this motion, Drone-Control, LLC hereby presents its challenge to the constitutionality of the Appointments Clause for the APJs assigned to and who rendered the final written decisions in PTAB Nos. IPR2018-00205, IPR2018-

00206, IPR2018-00207, and IPR2018-00208.[1]  At the time of the final written decisions in this case, these APJs were principal officers of the United States who were not appointed by the President and confirmed by the Senate.  Because these APJs were not properly appointed and confirmed, the APJs lacked the constitutional authority to issue a final decision in any of these cases.

In accordance with *Arthrex* and its progeny, Drone-Control, LLC respectfully requests this Court vacate the Board's final written decisions in PTAB Nos. IPR2018-00205, IPR2018-00206, IPR2018-00207, and IPR2018-00208 and remand these cases to the PTAB with an order to empanel a new panel of APJs for new hearings for each.

As required by Federal Circuit Rule 26(b)(2) and (3), Appellant's counsel and Appellee's counsel have conferred and Appellee has indicated that it plans to oppose, so this portion of the captioned motion is opposed.

---

[1] Drone-Control, LLC has not yet filed its Opening Brief in these appeals, and its time to do so has been automatically stayed by the filing of this motion under Federal Circuit Rule 31(c).  If required, Drone-Control, LLC will present its Appointments Clause challenge in its Opening Briefs along with its arguments on the merits, but submits that requiring the parties to submit arguments on the merits in all four appeals as to issues decided by judges who were improperly appointed under *Arthrex* is unnecessarily time-consuming, costly, and judicially inefficient.

3

## II. IN THE ALTERNATIVE, THE PARTIES' JOINT MOTION TO STAY SHOULD BE GRANTED

On December 27, 2019, pursuant to Federal Rule of Appellate Procedure 27 and Federal Circuit Rule 27, Appellant Drone-Control, LLC and Appellee SZ DJI Technology Co., Ltd. (collectively, the "Parties") jointly filed a motion requesting that these appeals be stayed pending this Court's final resolution of *Arthrex*.

That motion has not yet been addressed, either by grant or denial (or otherwise), from this Court.

Nevertheless, Drone-Control continues to aver that a stay of these appeals pending the final resolution of *Arthrex* would save judicial resources and avoid unnecessary costs for all parties, and thus should be granted.

Furthermore, this Court has inherent authority to stay appeals, *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), and has done so in cases similar to these, often deferring resolution of appeals that present the same issues as another appeal on rehearing *en banc*, *see, e.g.*, *1st Media, LLC v. Electronic Arts, Inc.*, 399 Fed. App'x 586 (Fed. Cir. 2010) (staying appeal pending rehearing en banc in *Therasense*); *Medinol Ltd. v. Cordis Corp.*, 719 Fed. App'x 1016 (Fed. Cir. 2018) (holding appeal in abeyance pending rehearing en banc in *SCA Hygiene*); *Click-To-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018) (holding petition for rehearing in abeyance pending rehearing en banc in *Wi-Fi One*).

Thus, Drone-Control, LLC herby requests, in the alternative, that this Court enter a joint stay in these cases until the mandate issues in *Arthrex*.

Finally, as required by Federal Circuit Rule 26(b)(2) and (3), the Parties' counsel have conferred and this section of the captioned motion is unopposed.

### III. CONCLUSION

Drone-Control, LLC respectfully requests that this Court issue an order vacating and remanding these cases to the Board pursuant, at least, to this Court's opinion in *Arthrex* and its progeny. Otherwise, Drone-Control, LLC respectfully requests that this Court stay these appeals until the mandate issues in *Arthrex*.

January 6, 2020

/s/*George T. Lyons, III*
George T. Lyons, III
McDonnell Boehnen
Hulbert & Berghoff LLP
300 South Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 913-0001

*Attorney for Appellant*
*Drone-Control, LLC*

# CERTIFICATE OF INTEREST

Counsel for Appellant DRONE-CONTROL, LLC certifies the following:

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| DRONE-CONTROL, LLC | None | None |

**4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

McDonnell Boehnen Hulbert & Berghoff: Grantland G. Drutchas, Matthew J. Sampson, Marcus J. Thymian, George T. Lyons III.

Toler Law Group, PC: M. Vanessah Pace.

**5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).**

IPR2018-00205; IPR2018-00206; IPR2018-00207; IPR2018-00207; *Synergy Drone, LLC v. SZ DJI Technology Co., Ltd. et al.*, 1:17-CV-00242-LY (W.D. Tex. 2017).

January 6, 2020

McDONNELL BOEHNEN HULBERT & BERGHOFF LLP

/s/ *George T. Lyons, III*
George T. Lyons, III
McDonnell Boehnen
Hulbert & Berghoff LLP

i

300 South Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 913-0001

*Attorney for Appellant
Drone-Control, LLC*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A). According to the word processing system used to prepare it, the motion contains 1,119 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(d). The motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman.

|  |  |
|---|---|
| January 6, 2020 | MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP |
|  |  |
|  | /s/ *George T. Lyons, III* |
|  | George T. Lyons, III |
|  | McDonnell Boehnen |
|  | Hulbert & Berghoff LLP |
|  | 300 South Wacker Drive, Suite 3100 |
|  | Chicago, Illinois 60606 |
|  | (312) 913-0001 |
|  |  |
|  | *Attorney for Appellant* |
|  | *Drone-Control, LLC* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of January, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuity by using the appellate CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

| | |
|---|---|
| January 6, 2020 | MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP |
| | |
| | /s/ *George T. Lyons, III* |
| | George T. Lyons, III |
| | McDonnell Boehnen |
| | Hulbert & Berghoff LLP |
| | 300 South Wacker Drive, Suite 3100 |
| | Chicago, Illinois 60606 |
| | (312) 913-0001 |
| | |
| | *Attorney for Appellant* |
| | *Drone-Control, LLC* |